United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHN VIOLA, | Case No. 16-cv-02006-EMC |
| Plaintiff, | |
| v. | **ORDER RE DEBTOR'S "MOTION FOR LEAVE TO AMEND AND RELATE BACK TO ORIGINAL APPEAL AND COMPULSORY COUNTERCLAIM"** |
| MORTON D. KIRSCH, | |
| Defendant. | Docket No. 7 |

Joseph J. Viola has filed a motion captioned "Motion for Leave to Amend and Relate Back to Original Appeal and Compulsory Counterclaim." This order addresses the issues raised in Mr. Viola's motion.

## I.    DISCUSSION

A.    IFP Application

Mr. Viola argues that he should be given leave to proceed in forma pauperis ("IFP") in Case No. C-16-2006 EMC (1) because he had IFP status during the bankruptcy proceedings below and that status should continue on appeal and (2) because he has submitted a certified copy of his trust fund account statement, showing that he qualifies for IFP status.

Mr. Viola has not established that he had IFP status during the bankruptcy proceedings below. He has not, for example, provided the Court with an order from the bankruptcy court granting IFP status. Moreover, although Mr. Viola has provided the Court with a certified copy of his trust fund account statement, *see* 28 U.S.C. § 1915(a)(2), he still has not filled out a financial affidavit showing that he is unable to pay the required Court fees. *See id.* § 1915(a)(1).

Accordingly, the Court denies Mr. Viola's request to proceed IFP, but without prejudice. The Court will reconsider Mr. Viola's request if, *e.g.*, he can show that the bankruptcy court

**United States District Court**
For the Northern District of California

1  granted him IFP status or he completes the required financial affidavit.  Attached to this order is a

2  copy of a financial affidavit that Mr. Viola may fill out.  By July 7, 2016, Mr. Viola must either

3  file the necessary papers, showing that he is qualified for IFP status, or pay the required Court

4  fees.  Mr. Viola is forewarned that, if he fails to file the necessary papers and fails to pay the

5  required Court fees, then his appeal shall be dismissed.

6  B.  Importing Filings from Case No. C-16-0181 EMC into Case No. C-16-2006 EMC

7  Mr. Viola suggests that the Court should import the papers that he previously filed in Case

8  No. C-16-0181 EMC (*i.e.*, the appeal of the adversary proceeding) and deem them filed in Case

9  No. C-16-2006 EMC (*i.e.*, the appeal of the bankruptcy proceeding).  The Court will not grant Mr.

10  Viola that remedy.  His opening brief in the adversary appeal discusses issues that are no longer

11  relevant to the bankruptcy appeal given the Court's disposition of the adversary appeal.  The only

12  appeal now pending is the bankruptcy appeal.  Briefing for the bankruptcy appeal shall be limited

13  to issues concerning the bankruptcy appeal only.

14  C.  Reconsideration of Adversary Appeal

15  Although not entirely clear, it appears Mr. Viola is asking the Court to reconsider one of its

16  rulings in the adversary appeal.  More specifically, Mr. Viola seems to be challenging the Court's

17  ruling that, to the extent Mr. Viola was appealing a bankruptcy court order from September 2015

18  (dismissing Mr. Viola's counterclaim in the adversary proceeding), his appeal was untimely.  *See*

19  No. C-16-0181 EMC (N.D. Cal.) (Docket No. 86) (Order at 5 n.2).

20  The Court denies Mr. Viola's request for reconsideration.

21  As an initial matter, Mr. Viola has not shown that he has met the standard for leave to file a

22  motion for reconsideration.  *See, e.g.*, Civ. L.R. 7-9(b)(3) (requiring the moving party to show,

23  *e.g.*, a manifest failure by the Court to consider material facts or dispositive legal arguments).

24  Moreover, on the merits, Mr. Viola has not shown that the Court's ruling was in error.  Mr.

25  Viola has not shown that his appeal of the September 2015 order was timely.  While Mr. Viola

26  suggests that later-issued orders of the bankruptcy court (in the adversary proceeding) are

27  problematic because the bankruptcy court lacked subject matter jurisdiction, he has not identified

28  which orders he is referencing.  Certainly no order has clearly been identified as part of his notice

**United States District Court**
For the Northern District of California

of appeal.

Finally, the Court notes that, to the extent Mr. Viola argues that the bankruptcy reference should have been withdrawn for lack of jurisdiction, and that Judge Armstrong erred in not withdrawing the reference, *see* No. C-11-0817 (N.D. Cal.) (Docket No. 4) (Order at 2-3) (concluding that Mr. Viola's motion to withdraw the reference was not timely as required by 28 U.S.C. § 157(d)), he already appealed Judge Armstrong's decision to the Ninth Circuit, and his appeal was dismissed.  *See* No. C-11-0817 SBA (N.D. Cal.) (Docket Nos. 56, 59-60) (Ninth Circuit orders).

D.     Injunction Pending Appeal (Bankruptcy Appeal)

Mr. Viola argues that, for his bankruptcy appeal, he is entitled to an injunction pending his appeal.  According to Mr. Viola, an injunction should be issued because he is likely to succeed on the merits of his appeal, and he is likely to succeed on the merits because the bankruptcy court never had subject matter jurisdiction over the bankruptcy proceeding in the first place, which renders all of its orders null and void.

Mr. Viola's argument is not persuasive.  Mr. Viola contends that, when the creditor initiated the involuntary petition, he failed to check the box alleging that he was "eligible to file [the] petition pursuant to 11 U.S.C. § 303(b)."  Bankruptcy Case, No. 10-30904 DM (Docket No. 1) (Involuntary Petition at 1).  According to Mr. Viola, because the creditor failed to check the box, the bankruptcy court lacked subject matter jurisdiction over the case.

Mr. Viola's argument is predicated on a 1997 decision issued by the Bankruptcy Appellate Panel for the Ninth Circuit.  *See In re Quality Laser Works*, 211 B.R. 936 (9th Cir. BAP 1997). There, the court stated:

> It is well settled that the filing of an involuntary petition invokes the subject matter jurisdiction of the bankruptcy court if the petition is sufficient on its face and contains the essential allegations.  Further, a petition on Official Form 5 is regular on its face if the boxes next to the preprinted essential allegations are checked and if the form is otherwise correctly completed.
>
> The involuntary petition in this case met the requirements of § 303(b)(3)(A), as it was filed by fewer than all of the general partners of a partnership.  The form of involuntary petition used by

3

> Boardroom, which appears from the record to be Official Form 5, appears to have been correctly completed and all of the boxes next to the preprinted essential allegations were checked.  Bakonyi does not argue that the involuntary petition was defective in any manner.  The subject matter jurisdiction of the bankruptcy court over the involuntary proceeding was properly invoked by the filing of a facially sufficient involuntary petition by an eligible petitioner.

*Id.* at 941.

However, *Quality Laser* does not state that a failure to check a box means that there is no subject matter jurisdiction, and the Ninth Circuit has not so held.  Recent authority (albeit, outside the Ninth Circuit) indicates that the prerequisites for commencing an involuntary bankruptcy petition in 11 U.S.C. § 303(b) are not jurisdictional.  *See In re Zarnel*, 619 F.3d 156, 169 (2d Cir. 2010) (concluding that "the restrictions of § 303 fall decisively on the nonjurisdictional side"); *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042-46 (11th Cir. 2008) (en banc) (holding that "§ 303(b)'s requirements are not subject matter jurisdictional" under the Supreme Court's test as articulated in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)).

Accordingly, the Court will not grant an injunction pending the resolution of this appeal.

E.      Setting Briefing Schedule

For the foregoing reasons, the Court denies the relief requested by Mr. Viola.  The Court, however, does agree with Mr. Viola's implicit argument that a scheduling order is needed in this case.  Accordingly, the Court hereby orders as follows.

Based on the notice of appeal and accompanying statement of interest, the only bankruptcy court orders being appealed are those orders in the bankruptcy case (Bankruptcy Case No. 10-30904) from December 2015.

The Court orders the Clerk of the Court to issue forthwith the standard bankruptcy appeal scheduling order which sets the briefing schedule.

**IT IS SO ORDERED**.

Dated: June 7, 2016

_____
EDWARD M. CHEN
United States District Judge

4