UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHN VIOLA,<br><br>   Appellant,<br><br>  v.<br><br>MORTON D. KIRSCH, *et al.*,<br><br>   Appellees. | Case No. 16-cv-02006-EMC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; GRANTING APPELLANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING APPEAL; AND DENYING APPELLANT'S MOTION FOR JOINDER**<br><br>Docket Nos. 11, 13, 16 |

  This appeal arises from a Chapter 7 involuntary bankruptcy petition (BR Case No. 10-30904), initiated by Morton D. Kirsch and subsequently joined by Frank Racioppo, Janice Racioppo, and Mark Racioppo (collectively, "Appellees"). In essence, Appellees claim they are unsecured creditors of Appellant Joseph John Viola because they were falsely induced to invest significant sums of money with Mr. Viola based on his misrepresentations that he was a successful and qualified investment advisor.

  As this Court has previously noted, it has construed the pending appeal to be an appeal with respect to only those orders issued by the bankruptcy court in December 2015. *See, e.g.*, Docket No. 9 (Order at 4). Those orders concern applications for compensation filed by the Chapter 7 Trustee, the Trustee's attorneys, and the Trustee's accountants. *See* BR Docket Nos. 453-55 (orders).

  Previously, the Court ordered Mr. Viola to show cause as to why his appeal should not be dismissed for failure to properly designate the record on appeal. *See* Docket No. 11 (order); *see also* Docket No. 18 (order). Mr. Viola has now filed his response to the order to show cause. *See*

1  Docket No. 20 ("clarification of essential record on appeal").  He has also filed supplemental

2  information in support of his application to proceed in forma pauperis ("IFP").  *See* Docket No. 21

3  (supplement).  Based on these filings, the Court now issues the rulings herein.

## I.   DISCUSSION

A.   Order to Show Cause

As indicated above, Mr. Viola has filed a response to the order to show cause.  *See* Docket No. 20 ("clarification").  In his response, Mr. Viola now designates with specificity what he believes is the proper record on appeal – namely, BR Docket Nos. 439-55 (filings in bankruptcy case).[1]  Based on that filing, the Court hereby **DISCHARGES** its order to show cause.

Mr. Viola's designation of the record on appeal would, ordinarily, trigger or require the setting of certain deadlines – *e.g.*, when Appellees and/or the Chapter 7 Trustee would have to designate additional items for the record on appeal, *see* Fed. R. Bankr. P. 8009(a)(2), and when the parties would file their appellate briefs.[2]  *See* Fed. R. Bankr. P. 8018.  However, because Mr. Viola has sought IFP status, the Court first turns to that issue, as resolution of that issue will inform what the scope of the appeal should be, which may then affect deadlines in this case.

B.   IFP Application

The Court concludes that, based on the financial information previously and recently submitted, *see, e.g.*, Docket Nos. 16, 21 (filings by Mr. Viola), Mr. Viola qualifies for IFP status.  This status, however, requires the Court to evaluate Mr. Viola's appeal under 28 U.S.C. § 1915(e)(2) before it may proceed.  *See, e.g.*, *In re TWA*, 363 Fed. Appx. 213, 215 (3d Cir. 2010) (in case where district court denied bankruptcy appeal, noting that "[t]he District Court granted McMillan in forma pauperis status, denied his motion for a grand jury, and denied his

---

[1] Mr. Viola also references filings from a related adversary proceeding (BR Case No. 10-3154); however, the appeal in the adversary proceeding has already been resolved.  *See generally* Case No. C-16-0181 EMC.  This appeal concerns the underlying bankruptcy case only, not the adversary proceeding.  Thus, the Court rejects Mr. Viola's attempt to reargue the adversary proceeding appeal here.  *See, e.g.*, Docket No. 12 (Op. Br. at 11) (arguing that the bankruptcy court improperly dismissed his counterclaim and improperly allowed intervention and substitution of the U.S. Trustee).

[2] Mr. Viola has already filed his opening brief.  *See* Docket No. 12 (opening brief).

2

[bankruptcy] appeal as frivolous under § 1915(e)(2)(B)because it lacked an arguable basis in law and in fact"; upholding district court's decision on appeal). The Court's § 1915(e)(2) analysis is provided below.

C.   Section 1915(e) Review

Under § 1915(e)(2), a "court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious." 28 U.S.C. § 1915(e)(2). The Court finds that Mr. Viola's appeal is frivolous and therefore dismisses this case.

   1.   Subject Matter Jurisdiction

Mr. Viola contends that the bankruptcy court was without authority to issue any orders because it lacked subject matter jurisdiction over the case. The problem for Mr. Viola is that he previously raised this argument before the bankruptcy court in December 2010, *see* BR Docket No. 241 (motion), and the bankruptcy court denied his motion in January 2011. *See* BR Docket No. 250 (order). Mr. Viola never appealed the denial of this motion. To the extent he appeals that order now, the appeal is not timely. *See* 28 U.S.C. § 158 (providing that an appeal of a bankruptcy court order shall be taken "in the time provided by Rule 8002 of the Bankruptcy Rules"); Fed. R. Bankr. P. 8002(a)(2) (providing that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed").

Furthermore, even if the appeal were timely, Mr. Viola's position is weak on the merits. Mr. Viola's contention that the bankruptcy court lacked subject matter jurisdiction is based on 11 U.S.C. § 303. That statute provides in relevant part as follows:

> (b)   An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title [11 U.S.C. §§ 701 *et seq.* or 1101 *et seq.*] –
>
>    (1)   by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $15,775 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

3

     (2)    if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title [11 U.S.C. § 544, 545, 547, 548, 549, or 724(a)], by one or more of such holders that hold in the aggregate at least $ 15,775 of such claims . . . .

  (c)    After the filing of a petition under this section but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent, other than a creditor filing under subsection (b) of this section, may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section.

11 U.S.C. § 303. Mr. Viola asserts that subject matter jurisdiction is lacking because, *e.g.*, Mr. Kirsch initiated the involuntary bankruptcy proceeding knowing that Mr. Viola had more than twelve creditors; Mr. Kirsch's claim is subject to a bona fide dispute; and the subsequent joinder of the Racioppos cannot cure the improper filing of the involuntary petition (*i.e.*, pursuant to the "bar to joinder" rule[3]).

Mr. Kirsch's position is frivolous because, as the bankruptcy court noted in its January 2011 order, the Ninth Circuit has indicated that 11 U.S.C. § 303, which governs involuntary petitions, does not impose subject matter jurisdictional requirements. *See In re Rubin*, 769 F.2d 611, 614 (9th Cir. 1985) (noting, *e.g.*, that "a debtor in an involuntary proceeding waives the requirement [in § 303] for three petitioning creditors if he fails to raise the issue in his answer"; as a waiver was permitted, this "indicates that the requirements were not truly prerequisites to subject matter jurisdiction, since parties cannot confer subject matter jurisdiction on a federal court by their consent"); *see also In re Zarnel*, 619 F.3d 156, 169 (2d Cir. 2010) (concluding that "the restrictions of § 303 fall decisively on the nonjurisdictional side"); *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042-46 (11th Cir. 2008) (en banc) (holding that "§ 303(b)'s requirements are not subject matter jurisdictional" under the Supreme Court's test as articulated in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)[4]); Docket No. 9 (Order at 4) (noting that Mr. Viola's

---

[3] *See generally* 2-303 Collier on Bankr. ¶ 303.19 (discussing the bar-to-joinder rule and noting that courts are split on the rule – *e.g.*, the Eighth Circuit endorses the rule while the D.C. Circuit does not).

[4] Notably, in *Trusted Media*, the Eleventh Circuit rejected the contention that § 303(b)'s requirements are subject matter jurisdictional under *Canute Steamship Co. v. Pittsburgh & West*

4

1  reliance on *In re Quality Laser Works*, 211 B.R. 936 (9th Cir. 1997), was unavailing as it did not

2  hold that "a failure to check a box means that there is no subject matter jurisdiction"). Rather, §

3  303 simply contains elements that "must be established to sustain an involuntary proceeding."

4  *Rubin*, 769 F.2d at 615 (noting that a bankruptcy court has jurisdiction to determine whether the §

5  303 requirements have been met).

6        To the extent Mr. Viola contends that the § 303 elements were not sufficiently established

7  to sustain an involuntary proceeding, Mr. Viola has waived such challenge because he failed to

8  raise the issue in a timely response to the bankruptcy petition. *See* Fed. R. Bankr. P. 1011

9  (providing that a debtor named in an involuntary petition may contest the petition and that

10 defenses and objections to the petition "shall be filed and served within 21 days after service of the

11 summons"); 11 U.S.C. § 303(h) (providing that, "[i]f the [involuntary] petition is not timely

12 controverted, the court shall order relief against the debtor in an involuntary case under the chapter

13 under which the petition was filed"[5]); *In re HealthTrio, Inc.*, 653 F.3d 1154, 1157 (10th Cir. 2011)

14 (noting that, where there is an involuntary petition that is not timely controverted, a bankruptcy

15 court must issue an order for relief and that, once an order for relief is entered, a trustee is installed

16 for the duration of the bankruptcy); *United Marine v. Just for Windows, Inc.*, No. 01 Civ. 5066

17 (HB), 2002 U.S. Dist. LEXIS 773, at *7 (S.D.N.Y. Jan. 16, 2002) (stating that a petition that "does

18 not comply with [the § 303(b)] requirements may be waived pursuant to § 303(h)"). Indeed, the

19 Racioppos moved for an order for relief from the bankruptcy court precisely because Mr. Viola

20 failed to answer or to otherwise respond to the involuntary petition within the time prescribed by

21 the Federal Rules of Bankruptcy Procedure.[6] *See* BR Docket No. 61 (request). In his papers, Mr.

---

*Virginia Coal Co.*, 263 U.S. 244 (1923), the case that Mr. Viola repeatedly invokes in his papers.

[5] "In involuntary cases, the creditors must demonstrate that bankruptcy is warranted before an order for relief is granted, at which point the debtor is subject to control of the bankruptcy court." *Mortimer v. Bank of Am.*, N.A., No. C-12-01959 JCS, 2012 U.S. Dist. LEXIS 177532, at *17 (N.D. Cal. Dec. 13, 2012).

[6] The bankruptcy court ultimately granted the Racioppos' motion, *see* BR Docket No. 71 (order), and later denied Mr. Viola's motions in which he argued that the order for relief was improvidently granted. *See* BR Docket No. 202 (Mot. at 10); BR Docket No. 213 (Mot. at 5); BR Docket No. 222 (order). Mr. Viola failed to appeal those orders.

1 Viola suggests that he cannot be blamed for failing to respond to the petition in a timely fashion
2 because he was incarcerated, *see* Docket No. 12 (Op. Br. at 8); however, that argument fails to
3 take into account that he never thereafter appealed the bankruptcy court's order for relief. *See*
4 note 5, *supra*.

### 2. Withdrawal of Reference

Mr. Viola also argues that the bankruptcy court lacked authority to issue any orders on the ground that the bankruptcy court did not have "jurisdiction to hear non-core matters involving federal law regulating organizations or activities involving interstate commerce." Docket No. 12 (Op. Br. at 10). Like the first argument above, this second argument is also frivolous.

Here, Mr. Viola essentially concedes that this argument was presented in his motion to withdraw reference, filed with the bankruptcy court in February 2011. *See* BR Docket No. 264 (motion). That motion was considered by District Judge Armstrong in Case No. C-11-0817 SBA. In September 2012, Judge Armstrong concluded that the motion was not timely made and thus denied it. She noted that Mr. Viola "waited for almost a year before filing the . . . motion" and that he "made no showing, nor is any apparent from the record, that extenuating circumstances justify the belated filing of his motion"; also taking note that the bankruptcy case "has been the subject of significant litigation" such that withdrawing the reference "would likely have an adverse impact on judicial economy and the administration of justice." BR Docket No. 298 (Order at 3). In March 2014, Judge Armstrong denied Mr. Viola's motions for relief from that order. *See* SBA Docket No. 45 (order). Mr. Viola then appealed Judge Armstrong's rulings, *see* SBA Docket No. 46 (notice), but that appeal was dismissed for failure to pay the docketing/filing fees. *See* SBA Docket Nos. 56, 58-59 (Ninth Circuit orders from September 2014 and June and August 2015).

Because the Ninth Circuit has dismissed that appeal, Mr. Viola cannot now try to resuscitate the appeal with this Court. Mr. Viola tries to argue that the appeal is still pending, *see* Docket No. 17 (Mot. at 3) (arguing that "the appeal in the end was not dismissed, but rather closed in anticipation of receipt of filing and docketing fees"), but nothing in the docket supports that position. *See* SBA Docket No. 58 (Ninth Circuit order) (stating that Mr. Viola's appeal was

"dismissed for failure to prosecute" and that, even though he has since filed motions with the court, he "has not paid the filing and docketing fees for this appeal" and so "this appeal remains closed"); SBA Docket No. 59 (Ninth Circuit order) (stating that the "appeal remains closed" because Mr. Viola "has not paid the filing and docketing fees for this appeal").

### 3. Applications for Compensation

Finally, Mr. Viola contests the bankruptcy court's orders in which it approved the compensation requested by the Chapter 7 Trustee, her attorneys, and her accountants. *See* BR Docket Nos. 453-55 (orders). The Court finds Mr. Viola's challenge frivolous for several reasons.

First, Mr. Viola's opening brief does not contain any substantive argument as to why the bankruptcy court's orders were improper. Mr. Viola has incorporated by reference objections that he filed with the bankruptcy court, *see generally* BR Docket No. 452 (objections to Chapter 7 Trustee's final report and to applications for compensation), but incorporation by reference is not permitted as a substitute for substantive argument. Federal Rule of Bankruptcy Procedure 8014(a)(7) requires "a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief." Fed. R. Bankr. P. 8014(a)(7). Ninth Circuit Rule 28-1(b) expressly provides that "[p]arties must not append or incorporate by reference briefs submitted to the district court or agency or this Court in a prior appeal, or refer this Court to such briefs for the arguments on the merits of the appeal."[7] 9th Cir. R. 28-1(b).

Second, even if the Court were to consider the objections that Mr. Viola filed with the bankruptcy court, he would fare no better. The bankruptcy court orders at issue addressed only compensation of the Chapter 7 Trustee and her agents; the bulk of Mr. Viola's objections relate to different matters (*e.g.*, whether the Chapter 7 Trustee could have obtained more money for the four Corvettes that she sold, why there is a difference in the value of creditors' claims for purposes of the bankruptcy case and the criminal action filed against him). To the extent Mr. Viola has

---

[7] The Court may apply Ninth Circuit Rule 28-1(b) pursuant to Bankruptcy Local Rule 8009-1(c). *See* Bankr. L.R. 8009-1(c) ("When the Bankruptcy Rules, the FRCivP and the Civil L.R. are silent as to a particular matter of practice on an appeal to the District Court from the Bankruptcy Court, the assigned District Judge may apply the Rules of the United States Court of Appeals for the Ninth Circuit, the FRAppP, and the Rules of the United States Bankruptcy Appellate panel of the Ninth Circuit.").

made specific objections to compensation,[8] they lack merit.  The Chapter 7 Trustee and her agents have explained the basis of the fees requested (*e.g.*, the time spent on various tasks) and Mr. Viola has failed to show that the time was not reasonably spent.  Mr. Viola's suggestion that the Chapter 7 Trustee and her agents did not provide quality services has little to no basis.  *See* 11 U.S.C. § 303(a)(1) ("After notice to the parties in interest and the United States Trustee and a hearing, . . . the court may award to a trustee . . . or a professional person employed under section 327 or 1103 – (A) reasonable compensation for actual, necessary services rendered by the trustee [or] professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses.").

    4.    <u>Summary</u>

For the foregoing reasons, the Court concludes (pursuant to its § 1915(e)(2) review) that Mr. Viola's appeal is frivolous.  The Court therefore dismisses the appeal, and no further briefing is warranted.

D.    <u>Motion for Joinder</u>

Because the Court is dismissing the appeal, Mr. Viola's motion to join the U.S. Trustee as a party to this proceeding is moot.  The Court also notes that Mr. Viola's motion seems to have little merit given that this appeal was limited to the bankruptcy court's orders on compensation to the Chapter 7 Trustee (not the U.S. Trustee) and her agents.

---

[8] For purposes of this opinion, the Court assumes without deciding that Mr. Viola has standing to make such a challenge.  *See In re Kristan*, No. EP 08-041, 2008 Bankr. LEXIS 3964, at *9-10 (B.A.P. 1st Cir. Dec. 15, 2008) ("It is well established that a chapter 7 debtor of an insolvent estate generally lacks standing to challenge an order concerning the distribution of estate assets.  Accordingly, to show standing to appeal from an order distributing estate assets, a chapter 7 debtor must proffer sufficient evidence to demonstrate that the challenged order directly and adversely affected his pecuniary interest, notwithstanding the fact that he no longer has title to the property.  A chapter 7 debtor meets this standard by showing either (1) a reasonable possibility of a surplus if the order on appeal is defeated, or (2) the appealed order adversely affects his discharge."); *see also In re Stasz*, No. CC-11-1050-HKiPa, 2011 Bankr. LEXIS 4834, at *8-9 (B.A.P. 9th Cir. Nov. 30, 2011) ("'Ordinarily, a debtor cannot challenge a bankruptcy court's order unless there is likely to be a surplus after bankruptcy.' . . .  However, if we were to reverse the bankruptcy court's order approving the Final Report and a subsequent hearing resulted in a potential reduction of the trustee's fees, there could be a resulting increase in distribution to creditor Quackenbush and reduction in the Debtor's liability on that nondischargeable debt.").

## II. CONCLUSION

For the foregoing reasons, the Court grants Mr. Viola's application to proceed IFP, but dismisses his appeal. The Court also denies Mr. Viola's motion for joinder as moot. The Clerk of the Court is instructed to enter judgment in accordance with this opinion and close the file in this case.

This order disposes of Docket Nos. 11, 13, and 16.

**IT IS SO ORDERED**.

Dated: July 27, 2016

_____
EDWARD M. CHEN
United States District Judge